IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA McNERNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0704-CV-W-DGK |
| | ) | |
| LOCKHEED MARTIN OPERATIONS | ) | |
| SUPPORT, INC., and | ) | |
| PARSONS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

Plaintiff Barbara McNerney's alleges she was wrongfully terminated by Defendants, private contractors with the Federal Aviation Administration ("FAA"). Count II of her Complaint alleges McNerney was fired for reporting improper billing in violation of the federal False Claims Act ("FCA") to her superiors, thus her termination is actionable under Missouri's "whistleblower" public policy exception to the at-will employment rule. Defendants move to dismiss Count II under Rule 12(b)(6), arguing that it does not allege a sufficiently serious violation of the FCA to establish a plausible "whistleblower" claim. Finding that reasonable inferences from the facts pled establishes Defendants violated FCA, and that Defendants fired McNerney for complaining about this violation, the Motion to Dismiss (Doc. 21) is DENIED.

**Choice of Law and Subject Matter Jurisdiction**

The parties agree, and the Court does not dispute, that Missouri law provides the applicable rule of decision in this tort dispute. The Court also holds it has subject matter jurisdiction to hear this case pursuant to *Osborn v. Haley*, 549 U.S. 225, 243-45 (2007) (holding that a district court lacks authority to remand a case certified by the attorney general as

removable under 28 U.S.C. § 2679(d)(2)), even if there is arguably no federal question in this case now that Plaintiff has dismissed the United States and Don Sorter as defendants.

**Standard**

To survive a 12(b)(6) motion to dismiss the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009). It must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart v. Envtl. Dynamics, Inc.*, No. 09-4221-CV-C-NKL, 2010 WL 55969, at *1 (W.M. Mo. January 4, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949.

To determine whether the complaint states a claim for relief the court conducts a "context specific" analysis and "draws on its judicial experience and common sense." *Id.* at 1950; *Rinehart*, 2010 WL 55969 at *1. The court assumes the factual allegations are true and construes them in the light most favorable to the plaintiff. *Data Mfg., Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009).

**Discussion**

Although the at-will employment doctrine is well-established under Missouri law, it is not unlimited. *Margiotta v. Christian Hosp. Northeast Northwest*, 315 S.W.3d 342, 346 (Mo. 2010). "Missouri recognizes the public policy exception to the at-will employment rule." *Id.* Under the "whistleblower" public policy exception it is a tort to terminate an employee for reporting "to superiors or to public authorities *serious* misconduct that constitutes a violation of the law and of *well established* and *clearly mandated* public policy." *Id.* at 347 (emphasis in original) (ellipses omitted). Merely violating a constitutional or statutory provision is not

2

sufficient to establish a cause of action, "the plaintiff must demonstrate that the public policy mandated by the cited provision is violated by the discharge." *Id.*

Here the Complaint alleges that "near the end of September and beginning of October 2009, Plaintiff was told by Defendant Sortor, to 'spread the cost' of certain projects to other unrelated projects. This caused certain projects to be falsely over billed." Compl. at ¶ 63. It also alleges that McNerney complained about the false billing to her supervisor; that nothing was done about it; that this false billing violated the federal False Claims Act ("FCA")[1] and is contrary to public policy, and that McNerney was terminated as a result of complaining about this practice. Compl. at ¶¶ 64-66.

Defendants argue that the Complaint does not establish that McNerney reported false billing of sufficient seriousness to invoke the "whistleblower" public policy exception. They contend that the FCA is not directed at every fraud perpetrated on the United States, only those inflicting actual loss, and that McNerney has failed to allege the Federal Aviation Administration "paid any money it would not otherwise have paid under the contract at issue." Sugg. in Supp. at 5. Defendants suggest there was no FCA violation because McNerney's allegations suggest at worst faulty billing practices, not an actual loss of government funds.

To be actionable under the "whistleblower" exception McNerney must show that her discharge violated the public policy animating the FCA. The public policy behind the FCA is to protect the United States from "all fraudulent attempts to cause the Government to pay out sums of money." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 677 (8th Cir. 1998).[2] Accepting the

---

[1] 31 U.S.C. § 3729 (2009).

[2] Although the text of the statute imposes liability on "[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a) (2009), some courts have found a materiality element implicit in the statute. *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 886-87 (8th Cir. 2003). The Eighth Circuit has discussed whether a materiality element is implicit in the statute, but has not yet unequivocally found one. *Id.* at 887.

3

factual allegations in the Complaint as true,[3] one can reasonably infer that Sortor's motivation in instructing Plaintiff to spread the cost of certain projects to unrelated projects was to ensure that he extracted the maximum amount possible from the United States by falsely attributing expenses on unrelated projects that the United States would not pay to expenses on projects that the United States would pay.  Since the Government never agreed to pay for the unrelated projects, this was a fraudulent attempt to get the Government to pay out money it was not obligated to pay, thus it violated the public policy embodied in the FCA and terminating the Plaintiff for complaining about this practice violated Missouri law.  Accordingly, the Court holds Count II alleges a plausible claim.

## Conclusion

Because Count II alleges a plausible claim for relief, Defendants' Motion to Dismiss (doc. 21) is DENIED.

**IT IS SO ORDERED.**

Date:   October 22, 2010                         /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[3] The Court emphasizes it has no idea whether there is any admissible evidence to support these allegations.  This is a matter to be considered at the summary judgment stage of the litigation.